GEO. W. WILSON, Appellee, v. E. L. WEBSTER, Appellant.

Real Estate Brokers: AGENT FOR BOTH PARTIES: RIGHT TO COMMISSION: VERDICT CONTRARY TO INSTRUCTION. In an action to recover a commission for negotiating an exchange of real estate between the defendant and M., the court charged the jury that if the plaintiff acted as M.'s agent in making the exchange, he could not recover upon his agreement for a commission with the defendant, unless M. knew of and consented to such agreement, and, it appearing that the plaintiff was M.'s agent, and that M. did not know of or consent to the plaintiff's agreement with the defendant, held, that a verdict for the plaintiff was contrary to the court's instruction, and that being the law of the case for the jury, a judgment upon such verdict must be reversed.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, MAY 24, 1893.

ACTION to recover an amount alleged to be due the plaintiff for services rendered in effecting an exchange of real estate. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Blood & Robinson,* for appellant.

*D. A. Holmes,* for appellee.

ROBINSON, C. J.—In January, 1891, the defendant owned three lots in Sioux City, on two of which there were mortgages to the amount of one thousand, three hundred and fifteen dollars. At the same time one E. L. Miller owned one lot in Sioux City, on which there were mortgages to the amount of eight thousand, one hundred and twenty-five dollars. F. B. Robinson, for some time, had been the agent of Miller, with authority to place his property with agents for the purpose of effecting a sale. The plaintiff was a real estate agent of the city, and there had been some conversation between him and Robinson in regard to the sale of Miller's property. There is some conflict in the evidence, but the facts testified to by the plaintiff, or shown without material conflict in the evidence, are substantially as follows:

Some time before the transaction in controversy occurred, Robinson agreed with the plaintiff to pay him one-half of the commissions usually paid in such cases, or one hundred and eighty-one dollars and twenty-five cents, if he would find a purchaser for Miller's lot. About the middle of the month named, the plaintiff called on the defendant, at his place of

business, and told him that an exchange for the Miller property could probably be made. They then examined it, and the defendant made a proposition to exchange his property, which we have described, for Miller's lot, excepting a part thereof, five feet wide and forty feet long, and for two hundred and ten dollars in money. In that proposition the value of the interest which he proposed to convey was estimated to be five thousand, five hundred and eighty-five dollars, and the value of Miller's interest in his lot to be conveyed was estimated to be five thousand, three hundred and seventy-five dollars. When he received the proposition, the plaintiff asked the defendant what commission he was willing to pay to have the exchange effected. The defendant said he did not think he should pay anything; that he was willing to pay for the making of a cash sale, but "he wouldn't agree to pay anything for a trade until he found out what kind we could get him." The plaintiff submitted the proposition for an exchange to Robinson, who, about ten days later, notified him that it had been accepted. An agreement for an exchange according to the proposition was drawn by Robinson, in duplicate, and signed by him for Miller. The agreement was then given to the plaintiff, for the purpose of having it signed by the defendant, and, with it in his pocket, he went to the defendant, and, not disclosing what had been done, told him the prospects · for making a trade were fair, and asked him what he thought of it, and what commission he was willing to pay. The defendant said the commission would have to come from the other party, but that he would make an even exchange, and that the plaintiff might have whatever he could get in addition. At the request of the plaintiff, a statement to that effect was made, in writing, by the defendant. They then went to Robinson's office, and, when there, the defendant for the first time learned that his propo-

sition as first made had been accepted, and that the agreement to carry it into effect had been drawn, and signed. in behalf of Miller. He read the agreement in the absence of Robinson, and, when he observed the clause which provided for the payment of two hundred and ten dollars, the plaintiff told him not to say anything about it to Robinson, and he did not, but signed the agreement, in duplicate, as drawn. After they left the office, the defendant said that he was making a good thing out of the transaction, and that the plaintiff was getting a good deal out of it, but that what he was getting was all right. The agreement was subsequently performed, and the two hundred and ten dollars were paid to the defendant. The plaintiff seeks to recover that amount, and obtained judgment therefor in the district court.

The appellant contends that the plaintiff acted in the transaction as the agent of Miller, and for that reason is not entitled to recover; that, if he acted as the agent of the defendant, the promise to pay a commission was for services already rendered, and, therefore, was without a sufficient consideration, and that the verdict is contrary to the evidence. The court charged the jury that, if the plaintiff acted as the agent of Miller in making the exchange, he could not recover on his alleged agreement with the defendant, unless Miller or his agent, Robinson, knew of and consented to it. The plaintiff testified that he was not the agent of Miller in making the exchange; and we are required to determine whether his statement to that effect is sustained by other evidence, or if there is evidence to the contrary, whether there was such a conflict that the jury were justified in finding that the statement of the plaintiff is true.

As has been stated, Robinson had agreed to pay to the plaintiff one hundred and eighty-one dollars and twenty-five cents if he should find a purchaser for the

Miller property. It is true, the plaintiff claims that the terms then given him by Robinson were for a sale, and not for an exchange, but it is clear that when he negotiated the exchange, and for some time thereafter, he fully expected and demanded the payment by Miller of the sum agreed upon by Robinson. He told the latter that the defendant was unwilling to pay a commission. The defendant states that the plaintiff told him there was a regular commission of three hundred and sixty dollars in the Miller deal, and, if the plaintiff made it, he would receive one-half of that amount; also that the defendant, when asked for a commission before the agreement was signed, told the plaintiff he ought to be satisfied with one hundred and eighty-one dollars. These statements are not denied by the plaintiff. The most reasonable explanation which can be made of his direction to the defendant to say nothing to Robinson about the two hundred and ten dollars is that he expected to receive a commission from Miller through Robinson; that he had led the latter to believe that the defendant would not pay a commission, and that, if the facts were known, he believed he would receive nothing from Robinson, or would have to divide with him the two hundred and ten dollars.

Two days before the exchange was completed the plaintiff first disclosed to Robinson the agreement with the defendant in regard to compensation; said that the defendant refused to pay him; and requested Robinson to hold the two hundred and ten dollars for his benefit. That Robinson refused to do, accusing him of duplicity, and stating that he had always said he was not to receive anything from the defendant. The plaintiff then telegraphed to Miller as follows: "Robinson refuses to pay me any commission for selling your Jennings street property. I shall sue you for regular commission unless paid at once. Wire answer. Geo. W.

Wilson, Agent." It appears that Miller made some answer to the telegram, and the plaintiff then wrote him a letter, stating that he had been working very hard to sell the property for several months; that Robinson had given him the property at thirteen thousand, five hundred dollars, saying that, in case of a sale at that price, there would be five hundred dollars to divide between them; that, in December, Robinson promised him that, if he would obtain a proposition which should be accepted, he would be paid one-half the regular commission, or one hundred and eighty-one dollars and twenty-five cents. He requested that the money be sent according to the directions he gave, although he stated he had been advised by his attorney that he could not collect commission by suit from both parties, and that he should not sue Miller or Robinson for what the latter had agreed to give him.

It is too clear for serious controversy that plaintiff regarded himself as the agent of Miller, as well as of the defendant, in making the exchange, and that his statement as a witness to the contrary is in the nature of a legal conclusion, based upon facts which do not sustain it. The statement made in his letter, after being advised by his attorney that he could not recover commission from both parties, is entitled to no weight as showing that he did not act as the agent of Miller. The evidence also shows that Robinson supposed him to be acting for Miller, and that neither Robinson nor Miller had any knowledge of the fact that the plaintiff claimed to be acting as the agent of the defendant until after the agreement had been made, and until plaintiff asked that the two hundred and ten dollars in controversy be withheld from the defendant. The verdict of the jury necessarily involved a finding to the effect that the plaintiff did not act as the agent of Miller in making the exchange, or, if he did so act, that Miller or Robinson knew of his agreement with the defendant, and

consented to it, and in either case it was not supported by the evidence, and should have been set aside, as contrary to the law of the case as given in the charge.

Other questions discussed by counsel depend upon the evidence, and, as that may not be the same upon another trial, they need not be determined. For the reason indicated, the judgment of the district court is REVERSED.