ANCIL L. FUNK v. SARAH A. LATTA ET AL.

FILED FEBRUARY 5, 1895.   No. 6202.

1. **Real Estate Brokers:** COMMISSIONS.   Evidence examined, and *held* sufficient to sustain the verdict

2. ——: ——.  In an action by a real estate broker to recover on a special contract for procuring a purchaser, the contract having been made by one alleged to be the agent of the owner and the authority of the agent being one of the issues, the court properly refused an instruction stating that the plaintiff was entitled to recover if he was employed by the owner or some one acting for her without stating that such person must be authorized to so act.

3. ——: ——: EVIDENCE.   Certain rulings on the evidence examined, and *held* not erroneous.

ERROR from the district court of Lancaster county. Tried below before Hall, J.

*Atkinson & Doty*, for plaintiff in error.

*Webster, Rose & Fisherdick*, contra.

IRVINE, C.

This was an action by Funk against the Lattas to recover $2,500 alleged to be due on a special contract for procuring a purchaser for property alleged to belong to both defendants, the title to which the evidence discloses was in Sarah Latta alone.   The answers are general denials, and there was a verdict and judgment for the defendants.

The theory of the plaintiff on the trial was that he had been employed by Dr. Latta to procure a purchaser for the property known as the Latta Block in Lincoln at the price of $90,000, and that Dr. Latta had agreed to pay him $2,500 for such services; that he had interested one Simeon Brownell in the property, had introduced him to Latta, and that Simeon Brownell wished his son, Frank Brownell, to join him in the purchase; that accordingly Frank Brownell came to Lincoln and a contract for the purchase of the property was entered into between Dr. Latta and Frank Brownell; that in these matters Dr. Latta was the authorized agent of his wife, Sarah Latta, or if not originally authorized, that she had ratified his acts; that for the purpose of avoiding the payment of the commission she had afterwards refused to convey the property to the Brownells, but many months thereafter had conveyed it to J. H. McMurtry who soon after conveyed it to Frank Brownell and Jennie Brownell; that this circuitous method was adopted for the purpose of defeating the plaintiff in the recovery of his compensation. There is evidence tending to support this theory, but there is also evidence tending to show that Dr. Latta never entered into the contract sued upon by the plaintiff, but instead of that told the plaintiff in effect that he did not wish the property to go into the hands of brokers, but that if any one brought to him a person who actually purchased the property, then he would pay a commission. There is also evidence tending to show that while Dr. Latta, undoubtedly with Mrs. Latta's consent, exercised considerable control over the property, still that he was without authority to employ a broker to sell it. There is also evidence tending to show that Simeon Brownell and Frank Brownell were not able to complete the purchase on the terms proposed. There is also evidence tending to show that the property was heavily incumbered—a junior mortgage securing a note which McMurtry had endorsed to third persons; that the mort-

gages were being foreclosed, and that there was a number of mechanic's liens against the property; that in this state of affairs McMurtry bought the property from Mrs. Latta, assuming the incumbrances and, in addition thereto, discharging a judgment of about $8,000 which was a lien on other property owned by Mrs. Latta; that thereafter he entered into negotiations with Frank Brownell and that the sale finally made was an entirely distinct transaction, after the negotiations between the Brownells and Dr. Latta had been abandoned. There being these conflicts in the evidence it is not for us to decide whether the jury, in our opinion, resolved the evidence correctly. The verdict is sustained by the evidence.

Complaint is made of one instruction given by the court of its own motion, but no exception was taken to the giving of this instruction and the action of the trial court in that respect cannot, therefore, be reviewed.

The plaintiff requested three instructions, which were refused. The refusal of these instructions is assigned as error in the same manner as in *Hiatt v. Kinkaid*, 40 Neb., 178. If one instruction of the group was properly refused the assignment of error must fail. The first of these instructions was as follows: "The jury are instructed that if they find from the evidence that this plaintiff was employed or authorized to procure a purchaser for the Latta block by Sarah A. Latta, or some one acting for her, and if you further find that this plaintiff, acting under his employment, did find a purchaser for said property who was able and willing to purchase the property at a price named by the defendant, then the plaintiff is entitled to his commission and your verdict will be for the plaintiff." This instruction was objectionable because of the phrase "some one acting for her." It was not sufficient to bind Sarah A. Latta that the plaintiff should be employed by some one acting for her. It was necessary that that person should be authorized by her to so act or that she should afterwards

ratify his conduct. The question of authority and ratification was one of the principal questions litigated, and the instruction as requested was misleading.

A number of assignments relate to rulings on the evidence. These are referred to in the brief in the most general language, and such comment as there is, is only upon the exclusion of evidence. The questions to which it is claimed the court erred in sustaining objections relate to facts concerning Dr. Latta's agency for his wife. We will not review them in detail. One was asked in the redirect examination and the objection was made for that reason. It was clearly not proper redirect examination. Other objections were properly sustained because the questions were asked in cross-examintion and were not pertinent to the subject-matter of the examination in chief. Several questions were objectionable as calling for conclusions. For instance, the following was put to the witness, Frank Brownell: "Did Dr. Latta act as the agent of his wife in the transaction with you respecting the sale of the Latta block?" No error in the record has been pointed out and the judgment of the district court is

AFFIRMED.