ISAAC H. STRAWBRIDGE ET AL. v. W. G. SWAN.

FILED FEBRUARY 6, 1895.  No. 6086.

1. **Real Estate Brokers:** COMMISSIONS: EMPLOYMENT: INSTRUCTIONS. In an action to recover for services alleged to have been rendered by plaintiff, a real estate agent in effecting an exchange of defendant's property, the jury were properly instructed that it was incumbent upon plaintiff to show by a preponderance of the evidence that defendant had employed plaintiff to act as his agent in the matter as to which compensation was claimed.

2. ——: ——: ——: ——. In an action of the character indicated the instruction that a man had the right to sell or trade his own property, and that if defendant acted for himself in the matter and did not employ plaintiff as his agent to procure him a customer, plaintiff could not recover for the alleged services, *held*, correctly to state the law, in view of the issues and of the proofs thereunder.

3. ——: DUAL EMPLOYMENT: COMMISSION. A real estate agent who has acted for both parties to an exchange of property can recover compensation only when his services have been limited to bringing together such parties as, without his interference,

have agreed upon an exchange of the property with reference to which such agent procured them to meet; and even this limited right to compensation does not exist as against a party who in advance did not know of and assent to the agent's dual employment. Following *Campbell v. Baxter*, 41 Neb., 729.

.ERROR from the district court .of Lancaster county. Tried below before HALL, J.

*Adams & Scott*, for plaintiffs in error, cited: *Butler v. Kennard*, 23 Neb., 357; *Anderson v. Cox*, 16 Neb., 10; *Lockwood v. Halsey*, 41 Kan., 166.

*Leese & Starling, contra*, cited: *Sherwin v. O' Connor*, 24 Neb., 603.

RYAN, C.

Plaintiffs in error, by their petition filed in the district court of Lancaster county, claimed a commission of $112.50 for having, as real estate agents and brokers, effected an exchange of defendant's real property. The answer was a denial of each averment of the petition, and as the issues thereby presented will be sufficiently apparent from the general discussion of the questions argued, a fuller description of the pleadings is deemed unnecessary. There was a verdict for the defendant, and the complaints of the plaintiffs in error in this court are: First, of the requirement made by the second instruction, that the evidence should show that plaintiffs had been employed as defendant's agent; and, second, because the court in its fifth instruction charged the jury that a man had the right to sell or trade his own property, and that if in making the trade the defendant acted for himself and did not employ plaintiffs as his agents to procure him a customer, the plaintiffs could not recover. It is possible that an attempt to condense the argument on these propositions might do it an injustice. We therefore quote from the brief on file the following language: " To tell the jury that they must find that the defendant employed the

plaintiffs to procure a customer is putting it too strong, and then to follow it by saying that if the defendant acted for himself in the matter, which could be understood by the jury in no other light than in the matter of the trade, or the actual making or consummating the trade, is certainly prejudicial to the plaintiffs' cause of action. A real estate agent is entitled to the commission agreed upon for exchanging real estate placed in his hands if the terms of the exchange are accepted by the owner, as the obligation to pay the commission then becomes fixed." In the petition the right to compensation was dependent upon the averments "that on or about the 12th day of August, 1891, the defendant was the owner of certain real estate in Hamilton county, Nebraska, and that on or about said time he placed the same in the hands of the plaintiffs to sell or trade for him, and that on the 12th day of August, 1891, he signed and delivered to plaintiffs a memorandum in writing of which the following is a copy:

"'I, W. G. Swan, will give my equity in my farm in Hamilton county, Nebraska (mort. $1,200), for the following property: House and lot 7, blk. B. & S. Add., mort. $450; lot No. 8, B. & S. Add.; lot No. 6, blk. No. 1, Madison Square; lots 1 and 2, blk. 39, G. M. B. Add. to University Place.

"'I accept the above proposition, land being as represented.        CHAS. ROBERTSHAW.

"'STRAWBRIDGE & CULBERTSON, (*Agents*).

"'Swan to have oat crop on land, giving Robertshaw my interest in corn on said land, plaintiffs paying interest to date.                                W. G. SWAN.'

" Whereby he agreed that plaintiffs should sell and exchange said property for him for the property in said writing mentioned, and according to the terms of said writing."

On the face of the contract above set out it would appear that in signing it Messrs. Strawbridge & Culbertson

assumed to act as the agents of Charles Robertshaw. The language which followed the copy of the contract charges, however, that such was not the effect of the instrument, but that it amounted to an agreement on the part of Swan that plaintiffs should sell and exchange his property. If this was what was really done, this memorandum should have been left out of consideration, for it in terms was only a proposition made by Swan, and in no event could be given such a construction as to prove the agency of Strawbridge & Culbertson. The averments of the petition as to the existence of plaintiff's agency were not in any way extended by the insertion of the written contract, nor did the construction of that instrument, which followed it, in any way mend the matter. As to the relationship of principal and agent between plaintiffs and defendant, there was then in the petition only the general averment that defendant "placed his real estate in the hands of plaintiffs to sell or trade for him." In ordinary transactions the requirement that for services rendered as agent there should be shown either an antecedent employment or a subsequent ratification to entitle to compensation would not be denied. In relation to transactions in real property, however, there seems in the minds of plaintiffs to exist some sort of a belief that no relation of agency need be shown, but that, instead, it is sufficient to allege that the property was placed in the hands of plaintiffs to sell or trade for the defendant. In the proofs, too, it is assumed that no employment as agents need be shown, as will. be illustrated by the testimony of G. J. Culbertson, one of the plaintiffs. His evidence was that he first saw the defendant in the real estate office of Mr. Funk; that while witness was in said office the defendant came in and said, " I have some land I would like to exchange;" that witness answered, " This is Funk's office, and I do not wish to transact any business here, and if you wish to have me transact your business come to my office. * * * Swan came to my office, and he listed

this property with me." This process of listing was thus
described by this witness: "He came in and gave me the
description of the 160 acres of land he had in Hamilton
county, not far from Trumbull, and stated the conditions.
He said there were 120 acres under cultivation, and he said
it was in oats and corn. There was a twelve hundred dollar
mortgage against it, and he would like to exchange it for
some city property." Having described in the above terms
the listing of defendant's property, this witness detailed
the efforts he then made to effect an exchange of the
"listed" property for some real property owned by a Mr.
McLennan, which witness "had" on P street. Mr. Swan
offered to trade some Harlan county land and some per-
sonal property which he owned for McLennan's property.
This witness thought it would be useless to submit this
proposition to McLennan, but finally he did so, and Mc-
Lennan refused it. Afterwards this witness saw Mr.
Robertshaw and told him about the Hamilton county farm,
and after Mr. Swan had been shown the property of Mr.
Robertshaw by witness he agreed to trade, and the memo-
randum of agreement copied in plaintiffs' petition was
thereupon drawn up and signed. In his direct examina-
tion this witness did not disclose that the property of Mr.
Robertshaw had been listed with him before it was shown
to Mr. Swan. In his cross-examination, however, he ad-
mitted that he had the property of Robertshaw on his
list for exchange for farm land; that he told Robertshaw
about the Harlan county land, but Robertshaw did not
want that land; that when witness told him about the
Hamilton county land he said that possibly he could make
a deal on that; that at the time of the exchange of Swan's
property witness was the agent of Robertshaw for the sale
of his city property which was traded to Swan.

It is apparent from this testimony of one of the plaintiffs
that there was properly presented by the proofs such a state
of facts as justified an instruction as to the necessity of

51

showing employment of plaintiffs as defendant's agent, as well as one which recognized the right of the defendant to sell his own property. The attempt to avoid the obligations, responsibilities, and disabilities of an agent, by disclaiming agency in name, was a matter of law properly met by the instructions given. The very mysterious process of "listing" property was but a puerile attempt to create evidence in favor of plaintiffs by entries made in their own records. To secure the necessary data for these entries the defendant, who had merely stated in a real estate office with which plaintiffs had no relations that he had some land he would like to exchange, was invited into the office of plaintiffs, where a description of his property was taken by plaintiffs, and we assume it was listed in a book, although it does not appear clearly from the evidence that even a book was used. Throughout the entire transaction there was no act or word which would indicate to Swan that by "listing" his property plaintiffs assumed the right to act as his agents. Indeed, the theory of plaintiffs seems now to be that there existed no necessity for employment in that capacity, but that if plaintiffs made known the mere fact that Mr. Swan was willing to exchange his Hamilton county farm, they were entitled to compensation, provided this information was imparted to one who afterwards by purchase or sale became the owner. This assumption seems to be somewhat based upon the fact that plaintiffs were real estate agents and brokers, as in the petition they described themselves. It is too much, however, to assume that their mere vocation entitled plaintiffs to dispense with being employed before assuming the authority of agents. (*Funk v. Latta*, 43 Neb., 739.) The fact, doubtless well advertised, that they were dealing in real estate, implied no more than that their services were offered to such owners of real property as chose to employ them. They could claim compensation only by virtue of some sort of agency and a mere listing of the property was not of itself suffi-

cient for that purpose. If plaintiffs were entitled to compensation it was because they had rendered services as the agents of the defendant and the instructons were in accord with this proposition. In any event, under the evidence the plaintiffs were not entitled to recover, for they admit that in the transaction under consideration they were acting for both parties, and there is no pretense that this fact was known, much less assented to, by the defendant. The plaintiffs by their petition claimed compensation for selling, exchanging, and trading the farm of the defendant; the services were not limited merely to bringing together parties who between themselves agreed upon and consummated an exchange of property. As we understand the law, a real estate agent is entitled to compensation from both parties to an exchange of property, only when the services of such agent are limited to bringing together parties who, each having property for exchange, arrange between themselves the entire trade, and even this limited service of the agent will not entitle him to compensation unless affirmatively he shows that his employer, of whom compensation is claimed in advance, knew of and assented to the agent's aforesaid dual employment. (*Campbell v. Baxter,* 41 Neb., 729; *Ormes v. Dauchy,* 45 N. Y. Sup. Ct., 85; *Rowe v. Stevens,* 53 N. Y., 621; *Rice v. Wood,* 113 Mass., 133; *Farnsworth v. Hemmer,* 1 Allen [Mass.], 494; *Rupp v. Sampson,* 16 Gray [Mass.], 398; *Raisin v. Clark,* 41 Md., 158; *Bell v. McConnell,* 37 O. St., 401.) The reasons for these stringent requirements are fully set forth and applied in the somewhat analogous case of *Jansen v. Williams,* 36 Neb., 869. From the considerations stated it results that the judgment of the district court is

AFFIRMED.