Green S. Gravely v. State of Nebraska.

Filed October 1, 1895.   No. 7486.

1. **Criminal Law:** Jurors: Order of Making Peremptory Challenges. Inasmuch as the statute does not prescribe the order in which peremptory challenges to jurors shall be taken by the accused and state respectively, the order in which the right to challenge shall be exercised is left to the sound discretion of the trial court, and its decision upon that point will not be disturbed, unless it clearly appears that there has been an abuse of discretion prejudicial to the party complaining. Rule applied.

2. ———: Instructions : Exceptions : Review. Instructions, given or refused, will not be reviewed where no exception is taken in the trial.

3. **Murder:** Motives of Accused: Evidence. In a trial for murder it is competent for the state to adduce evidence against the defendant tending to show a motive for the homicide.

4. **Homicide:** Evidence. *Held,* That the evidence sustains a verdict for manslaughter.

Error to the district court for Lancaster county. Tried below before Strode, J.

*Cobb & Harvey* and *W. B. Price,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state.

Norval, C. J.

The plaintiff in error was charged with murder in the first degree in the district court of Lancaster county. He was convicted of the crime of murder in the second degree, which judgment was reversed by this court at the January, 1894, term, the opinion in the case being reported in 38 Neb., 871. On the second trial the plaintiff in error was found guilty of manslaughter, and sentenced to a term of nine years in the penitentiary. This last judgment he seeks to reverse by this proceeding. Four grounds are re-

lied upon by the counsel for the prisoner for a new trial, which we will consider in the order presented in the briefs.

The first objection is predicated upon the ruling of the trial court to the effect that by the accused waiving his eleventh peremptory challenge he thereby waived his remaining challenges. The record before us discloses that the court below, as well as the county attorney and the counsel for the defendant, at the commencement of the selection of the jury in this case entertained the erroneous opinion that the statute gave to the state eight peremptory challenges instead of six. The challenging of the jurors was commenced upon the theory that the defense had sixteen peremptory challenges and the state eight, and under this misapprehension as to the law the state was required to, and did, exercise one peremptory challenge, followed by two challenges for the defense, and then the state one and the defense two. In this mode five challenges were exhausted by the state, and by the accused ten, when it was discovered that the statute only allowed the state six peremptory challenges. Thereupon the trial court directed the defendant to avail himself of the six remaining challenges, if he so desired, giving to the state the last challenge. The defendant then waived his eleventh challenge, and the court held, and so informed counsel in advance, that by so doing he waived his other five challenges. It is for this decision and ruling that a reversal of the judgment is asked.

By section 467 of the Criminal Code, on the trial of a person for a crime punishable with death, the accused is authorized to peremptorily challenge but sixteen jurors, and the prosecuting attorney six. While the statute prescribes the number of challenges, it contains no provision as to the order in which the right shall be exercised by the state or by the prisoner. This being true, it is clear that the course of proceeding in regard to peremptory challenges is left to the sound discretion of the trial court, and its deci-

sion in that regard is no cause for disturbing the verdict, unless it is clearly made to appear that there has been an abuse of discretion. Upon this point the authorities are harmonious, and fully sustain our conclusion. (1 Thompson, Trials, sec. 94; *Commonwealth v. Piper*, 120 Mass., 185; *Turpin v. State*, 2 Crim. Law Mag. [Md.], 532; *State v. Pike*, 49 N. H., 399; *State v. Pierce*, 8 Ia., 231; *Schufflin v. State*, 20 O. St., 233.) While the statute fails to prescribe the order in which challenges to jurors shall be made, manifestly the legislature never contemplated that the state should exhaust all its peremptory challenges before the defense is called upon to challenge, or that the accused should first take all his peremptory challenges. The more fair and equitable rule is the one adopted in this case. The waiver by the plaintiff in error of his eleventh challenge was a waiver of his remaining five challenges, and counts against him as though he had actually made them.

The second ground argued for a reversal is based upon the refusal of the trial court to give the defendant's sixteenth instruction, which reads as follows:

"16. The character of the defendant is not an issue in this case, but you are instructed that the law presumes that he has a good character until he himself puts it in issue, and then, and only then, can the state offer evidence of his bad character; therefore you are instructed that you are to presume that the defendant has a good character, as he has not put it in issue."

We cannot review the foregoing request to charge, for more than one reason. In the first place, no exception in the trial court was taken to the refusal to give this instruction. By a long line of decisions it has been held that such exception is indispensable to review the action of the trial court upon the giving or refusing of instructions. (*Heldt v. State*, 20 Neb., 499; *Carleton v. State*, 43 Neb., 373; *Warrick v. Rounds*, 17 Neb., 415; *Nyce v. Shaffer*, 20

Neb., 509; *Levi v. Fred*, 38 Neb., 564; *City of Chadron v. Glover*, 43 Neb., 732; *Bloedel v. Zimmerman*, 41 Neb., 695; *Barr v. City of Omaha*, 42 Neb., 341.) Again, the assignment of error as to the refusing of this instruction is insufficient. The accused requested sixteen instructions, numbered from 1 to 16 inclusive, all of which the court below declined to give to the jury, and such refusal is assigned as error, the assignment in the petition in error, as well as in a motion for a new trial, being that the court erred in not giving the entire sixteen instructions asked. That such an assignment is bad, unless each of the instructions in the group was proper and should have been given, is no longer an open question in this court. (*Hiatt v. Kinkaid*, 40 Neb., 178; *McDonald v. Bowman*, 40 Neb., 269; *Jenkins v. Mitchell*, 40 Neb., 664; *Murphy v. Gould*, 40 Neb., 728; *Armann v. Buel*, 40 Neb., 803; *Berneker v. State*, 40 Neb., 810; *Hewitt v. Commercial Banking Co.*, 40 Neb., 820; *Havens v. Grand Island Light & Fuel Co.*, 41 Neb., 157; *Rea v. Bishop*, 41 Neb., 202; *City of Chadron v. Glover*, 43 Neb., 732; *Omaha Fair & Exposition Association v. Missouri P. R. Co.*, 42 Neb., 110; *Mullen v. Morris*, 43 Neb., 611; *Funk v. Latta*, 43 Neb., 741.) An examination of the several instructions requested by the prisoner discloses that the most of them were fully covered by the charge of the court, and, therefore, it was not reversible error to repeat them. It follows that the assignment relating to the refusal of the instructions must be overruled. The result would be the same, even though we should brush aside the technical objections already mentioned to the consideration of instruction copied above. Conceding that said request to charge was faultless as an abstract proposition of law, yet it was properly refused, for the reason it was not applicable to the case made by the proofs. True, no evidence was given or offered as to whether the general reputation of the accused for being a peaceable and quiet man was good or bad, nevertheless, as is suggested by the attorney general, the witnesses

60

for the state, in detailing the circumstances of the crime, and of the causes which led up to its commission, incidentally disclosed the character of the prisoner to be unenviable, and that he had boasted of "having served a term in the penitentiary for killing a nigger." From a careful examination of the record we are convinced that the court below did not err in refusing the request to charge.

. Objection is made to the testimony of Clara Thomas, the wife of the deceased, as to what transpired at her home on the afternoon of the day preceding the killing. She testified that the accused came to her house with Will Jamison and Bud Mills at the time stated and Gravely said "he wanted to shoot dice, and then Will Jamison lost a twenty-five cent piece and threw the dice away, and I told him to buy some dice. I told Mr. Gravely to buy some dice, and he said he had enough money out of those niggers, and then I ordered him out of the house, and then he pulled a gun and said he just got out of the pen for killing one nigger, and I'll just kill another. I just as soon go back for you." This conversation and threat were communicated by Mrs. Thomas to her husband the evening after the occurrence thereof. The theory of the defendant below was, and is, that the killing was in self-defense. From the evidence adduced on the trial it is fully established, without contradiction, that the quarrel with Mrs. Thomas was the sole foundation of the difficulty between the plaintiff in error and Mr. Thomas, which terminated in the taking of the life of the latter. Evidence of the quarrel had with the wife of the deceased was admissible as tending to show a motive for the homicide and to disprove the claim of self-defense. The rule is that "when it is shown that a crime has been committed and the circumstances point to the accused as the guilty agent, facts tending to show a motive, although remote, are admissible in evidence." (*Dill v. State*, 1 Tex. Ct. App., 278; *Baalam v. State*, 17 Ala., 451; *Coward v. State*, 6 Tex.

Ct. App., 59; *People v. Walters*, 98 Cal., 138.) The testimony objected to, standing alone, would be entitled to but slight weight, but we cannot say, when considered in connection with the other evidence in the case and the circumstances surrounding the killing, that the court erred in permitting it to go to the jury. The general rule undoubtedly is as stated in *Carr v. State*, 23 Neb., 749, that threats made by the accused prior to the homicide, to kill or injure some other person than the deceased, are inadmissible against him, but an exception to the rule is that threats against, or quarrels with, members of the family of the deceased may be received as tending to establish a motive, where connection is shown between such threats or quarrels and the offense charged.

The remaining point argued is that the evidence is insufficient to warrant a conviction. The killing of Thomas by the plaintiff in error is undisputed, but the latter claims that the deceased was the aggressor and that his life was taken by Gravely in defense of his person. We have with great care perused and given due consideration to the evidence contained in the bill of exceptions, and find that the testimony was ample to sustain the verdict, if the witnesses for the state were credible. The question of the credibility of the witnesses was properly submitted to the jury by the instructions, and, so far as we are able to determine from the record, the plaintiff in error has had a fair and impartial trial and has been convicted upon sufficient legal testimony. There being no error in the record the judgment is affirmed.

JUDGMENT AFFIRMED.