# Green *v.* Southern States Lumber Co.

*Assumpsit.*

(Decided Nov. 18, 1909.   59 South. 917.)

1. *Brokers; Compensation; Inconsistent Relation.*—Unless both parties know of the inconsistent relation and consent thereto, a real estate agent cannot recover compensation for selling property where he was the agent of both the buyer and the seller.

2. *Same; Evidence; Admissions.*—Where the action was for commission, for procuring a purchaser for realty, the contract of which was afterwards cancelled by agreement with the owner, a question to the purported purchaser as to whether he was in the habit of abandoning his obligations without notice, was improper.

3. *Work and Labor.; Action; Variance.*—An allegation that the work and labor for which recovery was sought was done on a certain day, is not sustained by proof of work done on any other date.

4. *Contracts; Action; Proof.*—A plaintiff must recover on the contract alleged as the basis of the suit. .

5. *Charge of Court; Evidence.*—A charge asserting that the jury must try the case on the evidence presented to them and not on the assertion of the attorney, is not erroneous for failure to assert that the jury should try the case on the law as well as the evidence, and was not calculated to mislead the jury to the plaintiff's injury.

6. *Same; Weight of Evidence.*—Although a charge that the evidence must preponderate in plaintiff's favor, to entitle him to recover, may be refused properly, it is not error to give it.

7. *Appeal and Error; Harmless Error; Instructions.*—Where the misleading effect of a charge could have been obviated by an explanatory charge, which was not requested, the court will not be put in error for giving it.

APPEAL from Baldwin Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by John M. Green against the Southern States Lumber Company, to recover his commission as a real estate broker for effecting a sale of land. Judgment for defendant and plaintiff appeals. Affirmed.

GREGORY L. & H. T. SMITH, for appellant.—Where the defense is a subject matter of special plea, and cannot be availed of under the general issue, the defendant can defeat the plaintiff's action only by proof of the defense pleaded, and not by proof of some other defense of a similar nature which has not been pleaded.—*Southern Ry. Co. v. Shelton,* 136 Ala. 210. It has been frequently decided that the jury are not bound to believe that theory as to which the evidence preponderates.—*Acklin v. Hickman,* 60 Ala. 571; *Behrman v. Newton,* 103 Ala. 531; *L. & N. v. Davis,* 99 Ala. 593. Counsel discuss other charges given and refused, and also discuss the evidence objected to, but without further citation of authority.

JAMES H. WEBB, and FRANK S. STONE, for appellee. —Many of the errors insisted on were discussed and decided adversely to appellant's contention in a former

report of this case.—*Green v. Southern States L. Co.*, 141 Ala. 680. An agent cannot recover commissions as a real estate broker where he represents both the buyer and the purchaser unless it is done with the mutual knowledge and consent of each.—41 Conn. 581; 20 Atl. 513; 113 Mass. 133; 62 N. W. 199; 34 Pac. 159; 102 N. Y. 508; 23 A. & E. Ency. of Law, 907. Counsel discuss the other assignments of error, but without citation of authority.

McCLELLAN, J.—This case, in general outline, may be found stated in its report on former appeal.—*Green v. Southern States Lumber Co.*, 141 Ala. 680, 37 South. 670.

The trial was had on counts 1, 2, and 3, the last added by amendment. The first rests the right to recover compensation—commissions—for services in respect of the sale of lands in Baldwin county, alleging, in extenso, the agreement to pay 10 per cent. commissions, and concluding to the effect, within the agreement, that plaintiff (appellant) obtained Jones and Foley as purchasers of the land. The second is the common count for work and labor done on February 11, 1902. The third declares on the breach of the agreement averred in the first count, and concludes with the allegation that, notwithstanding performance on plaintiff's part Jones and Foley and defendant (appellee) by mutual consent canceled the contract of purchase.

The defense to all the counts, additional to general traverses of the allegations of each, was we summarize, that in the transaction counted on plaintiff, without the mutual knowledge and consent of the parties, represented both parties, and hence lost any right to compensation in the premises. This principle was announced on former appeal, and from brief of counsel

33—163

its abstract soundness is not controverted. But the plaintiff sought to avoid the defense by matter set up in several replications. All of these replications, save 4, 6, 7, and 8, filed October 30, 1907, fell in response to demurrer.

The pleas were well drawn within the principle before stated. The insistence in brief that the seller's knowledge of, and consent to, where he is impleaded by the broker or agent, the inconsistent relation occupied by the broker or agent, avoids the rule, cannot be approved. It is in direct contravention of the principle stated. It is the conduct and relation of the agent, involving trust and confidence not necessarily crystalized into contract with both parties, that precludes him from recovering for his services. He can only avoid its effect to deny him compensation by showing that both parties knew of his relation in the premises and, so knowing, consented to his acting in such inconsistent capacities.—*Bollman v. Loomis*, 41 Conn. 581; *Rice v. Davis*, 136 Pa. 439, 20 Atl. 513, 20 Am. St. Rep. 931; *Scribner v. Collar*, 40 Mich. 375, 29 Am. Rep. 541; *Rice v. Wood*, 113 Mass. 133, 18 Am. Rep. 459; *Holcomb v. Weaver*, 136 Mass. 265; *Murray v. Beard*, 102 N. Y. 505, 7 N. E. 553; *Meyer v. Hanchett*, 39 Wis. 419; *Strawbridge v. Swan*, 43 Neb. 781, 62 N. W. 199.

The second count, there can be no doubting, rests on the transaction of February 11, 1902—that counted on in the first and third counts. The averment in the second count of date of service was material, and the count could not be sustained by the proof of service on any other date; nor could a recovery thereunder be based upon service rendered on any other date.—*Williams v. McKissack*, 125 Ala. 544, 27 South. 922; *M. J. & K. C. R. Co. v. Bay Shore Lumber Co.*, 158 Ala. 622, 48 South. 377. It need hardly be added that, to sustain

count 2, it was, in practical effect, necessary to sustain counts 1 and 3, wherein the transaction of February was alone declared on. These observations answer the appellant's argument in respect to charges precluding consideration of, or a recovery on, the subsequent dealings in August, 1902, between defendant and Foley.

There is no merit in the two assignments predicated on the questions to the witnesses, plaintiff and Jones. The conduct, and attending circumstances, of plaintiff, with reference to the sale of the lands to the Chicago parties, was essentially within the issues raised by the pleas, in connection with the averments of the complaint. The question to Jones sought to inquire whether his habit was to abandon, without notice, his obligations. That fact, if so, had no possible place in the case.

Many of the 15 charges urged as error were justified under the view of the substantive law of the case before stated; others announced the correct rule that the plaintiff is always confined in recovery to the contract declared on; and still another instructed the jury that they must try the case on the evidence presented to them, and not on the assertions of the attorneys in the case. The fact that the charge omitted to qualify the proposition to the effect that they should try the case under the law, as well as the evidence, did not render the giving of the charge error. The evident purpose of the charge was to inform the jury that the evidence, and not the assertions of the attorneys in the case, was the proper source from which to get the facts on which to try the case. The jury could not have been misled, to plaintiff's prejudice, by the charge.

The insistence that the charge dealing with the appropriateness, under conditions there defined, of the

·common count for work and labor done, was error, rests very largely upon an undue emphasizing of the word "the," as employed in the charge just preceding "appropriate." The charge announced a sound proposition of law, and it would be unwarrantably extreme to attribute to the charge an effect depending wholly upon an unnatural stressing of the word "the."

There are a school of charges in the record, assigned as error and assailed in brief, declaring, among other things, that the evidence must proponderate in plaintiff's favor in order to entitle him to a verdict. The more recent view prevailing here as to charges dealing with the preponderance of the evidence is that it is not error, on that account, to give such charges, but that they may be refused.—*Birmingham R., L. & P. Co. v. Martin,* 148 Ala. 8, 15, 42 South. 618; *Callaway v. Gay,* 143 Ala. 524, 39 South. 277. The class ·of charges last mentioned were not erroneously given.

Charge A (so designated for convenience) was un·questionably misleading, when referred to those issues to sustain which defendant had the burden. However, this effect could and should have been avoided by an explanatory charge.

We have dealt with all of the assignments pressed in brief, and find no prejudicial error in them.

The judgment is affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., ·concur.