STAPP and HENDRICK, Appellants, v. J. M. GODFREY, Appellee.

**Agency:** COMMISSION CONTRACT: PLEADING: RECOVERY. Where an
1   agent seeks to recover compensation for negotiating an exchange
of property, and alleges an express contract to pay a stipulated
price for his services, he cannot recover on *quantum meruit.*

**Same:** MIDDLEMAN: RIGHT TO COMMISSIONS. An agent, in acting as
2   a middle man, simply undertakes to get the parties together, and
not to negotiate for either of them; and when understandingly
employed he may receive a commission from both, with or without the consent of the other.

**Same:** INSTRUCTION. Where the pleadings, in an action to recover commissions for the exchange of property, are drawn wholly upon the theory that defendant knew plaintiff was to receive compensation from the other party, and not that plaintiff was simply acting as a middleman for the sole purpose of bringing the parties together, there was no necessity for an instruction defining middleman, in the absence of a request.

**Same:** RIGHT TO COMMISSIONS: INSTRUCTIONS. If an agent is employed simply to get the parties together, with no power to negotiate for either, the law implies notice to the principal that he may receive a commission from both; but if he is employed to find a purchaser or make a sale, he cannot receive compensation from both without the consent of each; and where the case was tried on the theory of actual knowledge by defendant that plaintiff was to receive compensation also from the other party, and the court submitted the case on that theory, plaintiff could not complain that the court did not instruct on the theory of implied notice.

**Same:** MIDDLEMAN. An agent employed by both parties to make an exchange of properties, and who actually participates in the negotiations, is not a middleman.

**Same:** PLEADINGS: BURDEN OF PROOF. Where the plaintiff alleged an express contract for the payment of commissions, and in reply to the defense that he had received compensation from the other party, he alleged that defendant knew that he was expecting the same, the burden was upon him to show that defendant had such knowledge when he promised to pay plaintiff a commission.

*Appeal from Keokuk District Court.*—HON. B. W. PRESTON, Judge.

TUESDAY, FEBRUARY 11, 1913.

ACTION to recover a commission for finding a purchaser of certain real estate belonging to defendant. Defendant denied that he authorized plaintiffs to find a purchaser, admitted that he executed a contract for exchange of properties with one Kaufman, and further averred that plaintiffs, without his knowledge or consent, obtained a commission from Kaufman for effectuating the exchange. Plaintiffs, in reply, admitted that they received a commission from Kaufman,

but averred that this was with the full knowledge of defendant and Kaufman. On these issues the case was tried to a jury, resulting in a verdict for defendant, and plaintiffs appeal.—*Affirmed.*

*J. H. Wyllie,* for appellants.

*D. W. Hamilton,* for appellee.

DEEMER, J.—The issues as made by the pleadings were: First. Did plaintiffs and defendant enter into an agreement whereby defendant was to allow plaintiffs a commission for the sale of his real estate? Second. Admitting that plaintiffs received a commission from the purchaser Kaufman, did defendant know of that fact before the sale was consummated? Third. If plaintiffs are entitled to recover, what is the measure of their recovery?

The verdict was general, and, as there was a conflict in the testimony upon each of the propositions involved, the case must be affirmed, unless it appears that errors were committed upon the trial which call for a reversal of the judgment entered upon the verdict. The errors argued relate to the instructions given by the trial court, and to its failure to give instructions relating to certain issues, although no requests were made by plaintiffs with reference thereto. As complaint is made of most of the instructions, we have set out the ones which are complained of, with others which tend to modify or explain them.

In the instruction stating the issues, the court quoted this part of the reply filed by plaintiffs: "The plaintiff admits that it received a commission from the said Kaufman, and says, further, that plaintiff was acting as a mere middleman in consummating the trade, or exchange of property, and that defendant expected to pay a commission as alleged in plaintiff's petition, and that plaintiff expected to receive such commission, and that defendant knew that plaintiff expected

to receive a commission from both parties, and that plaintiff was acting with the full knowledge and consent of both the said Kaufman and defendant.'' And this was followed by the main body of the charge, reading in this wise:

Under the issues thus presented, the burden of proof is upon the plaintiff to establish the material allegations of his petition by a preponderance of the evidence before he can recover, and it being admitted by the plaintiff that it received a commission from the other party to said trade, to wit, E. C. Kaufman, the burden is upon plaintiff to show in like manner—that is, by a preponderance of the evidence—that, before the contract between Kaufman and Godfrey was signed up, plaintiff or a member of the firm disclosed to the defendant Godfrey the fact that plaintiff firm was to receive a commission from Kaufman in the trade. The material allegations of plaintiff's petition are that there was a contract between plaintiff and defendant, and that the terms thereof were substantially as set out and claimed by the plaintiff, and that there was a performance thereof on plaintiff's part by bringing Kaufman and defendant together for negotiation for exchange of their properties, and that there is something due plaintiff from defendant by reason thereof. If you find these several matters so established by the evidence, and that the plaintiff firm, or a member thereof, disclosed to the defendant, before the signing of the contract between Kaufman and Godfrey, that Kaufman had listed his property with the plaintiff firm, and that plaintiff was to receive a commission from said Kaufman, as herein explained, then your verdict should be for plaintiff. If you fail to so find, then your verdict should be for defendant. . . . The defendant alleges in his answer that the plaintiff was to receive, and did receive, a commission in this same trade from Kaufman, and it is admitted by plaintiff that such is the fact. This being so, the plaintiff cannot recover herein, even though you find the contract between the plaintiff and defendant as claimed by plaintiff, unless the plaintiff firm or a member thereof disclosed to defendant that fact prior to the final consummation and signing of the contract between Kaufman and Godfrey. If you find from the evidence, and by a preponderance thereof, that plaintiff firm, or a member thereof, did so disclose such fact to defendant, and that the contract

was as claimed by plaintiff—that is, that plaintiff was to bring Godfrey and Kaufman together for negotiations as to the exchange of the property—and that the agreement between plaintiff and defendant was that defendant should pay $1 per acre for such services, then your verdict should be for plaintiff. But, if you fail to so find, your verdict should be for the defendant. If you find plaintiff entitled to recover, the measure of his damages or recovery will be $320, with interest at 6 per cent. from May 21, 1911, and, if you so find, you should compute the interest and return your verdict in one lump sum.

The last instruction was given on the theory that plaintiffs are entitled to recover either $320, with interest, or nothing; and in this there was no error, for plaintiffs in their

1. AGENCY: commission contract: pleading: recovery.

petition alleged an express contract to pay them $1 per acre for finding a purchaser of defendant's three hundred and twenty acres of land and there could be no recovery on *quantum meruit*.

The chief complaint made of the instructions quoted is that the court did not define a middleman or instruct as to the law of the case in the event the jury found plaintiffs

2. SAME: middleman: right to commissions.

were what counsel call "middlemen." As we understand it, a middleman is one who acts as agent of both parties, and who sustains no such confidential relations to either as that he is bound to look after his interests. He is the agent of both, and merely brings the parties together in order that they may negotiate; he being under no duty of negotiating for either. *Synnott v. Shaughnessy*, 2 Hasb. (Idaho) 122, (7 Pac. 82). Strictly speaking, a middleman is one who simply undertakes to bring the parties together, and does not involve the duty of negotiating for either. He may contract for and receive a commission from both, for such an agreement is implied from the nature of the agency. *Stewart v. Mather*, 32 Wis. 344; *Hedden v. Shepherd*, 29 N. J. Law, 344; *Rupp v. Sampson*, 16 Gray (Mass.) 398, (77 Am. Dec. 416). If the agent is understandingly employed as a mere middleman to bring

the parties together, he may receive a commission from both with or without the other's consent, provided it is simply his duty to bring the parties together. It is true that this thought is not specifically covered by the instructions given, and the reason for it doubtless was that no instruction to that effect was asked.

Plaintiffs in their petition allege that they entered into an oral agreement with defendant: "Whereby it was agreed by and between the plaintiff and defendant that said plaintiff was to use its efforts in procuring a party who would trade a stock of goods for said three hundred and twenty (320) acres of land; and, in consideration of said service, the said defendant agreed to pay to said plaintiff the sum of one dollar ($1.00) per acre." These allegations do not show that plaintiffs were employed as mere middlemen, and the only reference thereto is found in plaintiffs' reply to meet the defense interposed by defendant to the effect that plaintiffs received a commission from the buyer without their knowledge and consent. The allegations of this reply were as follows: "That at the time of making the contract of employment, as alleged in plaintiff's petition, defendant was informed that said stock was listed with plaintiff, and was informed that plaintiff expected to obtain a commission if exchange was made. . . . He admits that he received a commission from the said E. C. Kaufman. For further reply plaintiff states that it was acting as a mere middleman in consummating the said trade or exchange of property, and that defendant expected to pay a commission as alleged in plaintiff's petition, and the plaintiffs expected to receive said commission, and that the defendant knew that plaintiff expected to receive a commission from both parties, and that plaintiff so acted with the full knowledge and consent of both the said E. C. Kaufman and the defendant herein." The reply was called forth in response to defendant's answer alleging that plaintiffs were not defendant's agents, and that they received a commission

*3. SAME: instruction.*

from Kaufman. In so far as the reply departed from the allegations of the petition, it cannot be considered; but, if the allegations thereof be received, they proceed on the theory that defendant knew plaintiffs were to receive a commission from Kaufman, and not upon the ground that plaintiffs were mere middlemen. For this reason, the court did not err in the instructions given or in failing to instruct in the absence of specific request upon the theory that plaintiffs were mere middlemen.

It is familiar doctrine that a real estate broker cannot act as agent for both buyer and seller, and receive a commission from each, without the consent of both. But this

4. SAME: right to commissions: instructions.

consent may sometimes be inferred from the nature of the agency. If one be employed as a mere middleman without the power or duty of negotiating for either, the law will imply notice to the principal that the middleman may receive and collect a commission from each. But if an agent is employed to find a purchaser, or is to make a sale, he cannot recover a commission from both, without the consent of each; for, as has been well said, "a man cannot serve two masters." In either event, however, consent either express or implied, is necessary.

The case was tried on the theory that plaintiffs had to show actual knowledge on the part of defendant that plaintiffs were to receive a commission from Kaufman, and the instructions were based upon this notion, and of this plaintiffs are in no position to complain, for they asked no instructions whatever. As notice express or implied is necessary in either case, the trial court was not required, in the absence of specific request, to charge on the theory of implied notice.

Moreover, the testimony shows that plaintiffs actually participated in the negotiations leading up to the final exchange, and were at that time, so far as defendant knew,

5. SAME: middleman.

acting for him. They were, therefore, not middlemen. In *Casady v. Carraher*, 119 Iowa, 500, we said: "The plaintiff undertakes to excuse his conduct

on the ground that he was merely a middleman, engaged
to bring the parties together, and, as such, was not bound
to disclose his relations with one to the other.   See *Rupp v.
Sampson,* 16 Gray (Mass.) 398, (77 Am. Dec. 416) ; *Orton v.
Scofield,* 61 Wis. 382 (21 N. W. 261).   But, in order to occupy
that position, he should have limited his exertions to such
service.   If, in addition thereto, the middleman assists either
in effecting a trade, he becomes to that extent a partisan
agent, and the obligation immediately devolves upon him to.
disclose his agency to the other.   *Strawbridge v. Swan,* 43 Neb.
781, (62 N. W. 199) ; *Copeland v. Insurance Co.,* 6 Pick.
(Mass.) 203 ; note to *Leathers v. Canfield,* 117 Mich. 277, (75
N. W. 612, 45 L. R. A. 51).   No definite value was put on
their property by either defendant or Coombs in listing with
plaintiff, and he was not authorized by either to negotiate the
trade.   But his compensation, as he claims, was dependent
on an exchange, and he admits having exerted himself to
the utmost to bring about the deal; advising each, apart from
the other, that the trade was a desirable one to make. Under
these circumstances, he was more than a middleman, for he
attempted to aid each in effecting the exchange for which he
was instrumental in bringing them together.   Loyalty to
either principal required him to disclose his relations to the
other.   The agent cannot serve two principals without the
intelligent consent of both, and, if he undertakes to do so,
compensation cannot be recovered for services rendered.
*Wilson v. Webster,* 88 Iowa, 514; *Lindt v. Brewing Co.,* 113
Iowa, 200; *Bell v. McConnell,* 37 Ohio St. 396, (41 Am. Rep.
528) ; *Leathers v. Canfield,* 117 Mich. 277, (75 N. W. 612, 45
L. R. A. 33), and valuable note; *Rice v. Wood,* 113 Mass. 133,
(18 Am. Rep. 459).   Even with such consent, the utmost
good faith toward each principal is exacted, and, unless each
may be honestly served, the agency should be promptly
terminated.   *Morey v. Laird,* 108 Iowa, 670.   Fidelity in the
agent is what is aimed at, and as a means of securing it the
law will not permit the agent to place himself in a situation

in which he may be tempted by his own private interest to disregard that of his principal. 'This doctrine,' in the words of another, 'has its foundation not so much in the commission of actual fraud as in that profound knowledge of the human heart which dictated that hallowed petition, 'Lead us not into temptation, but deliver us from evil,' and that caused the announcement of the infallible truth that 'a man cannot serve two masters.' Mechem, Agency, section 455. As both parties knew plaintiff had not seen the properties exchanged, and as no fact appears to have been misrepresented by him, nothing was in the way of acting for both, save the concealment of his relation to the defendant from Coombs. Up to the time the agreement was dictated, then, plaintiff was guilty of duplicity which would defeat recovery.'' See, also, *Scribner v. Collar*, 40 Mich. 375, (29 Am. Rep. 541).

Under the admissions made in the pleadings, the burden was properly placed upon plaintiffs to show that defendant knew when he made his promise to pay a commission, if he made one, that plaintiffs were expecting a commission from Kaufman. Nothing to the contrary is announced in *Redmond v. Henke*, 137 Iowa, 228. In that case there was an issue as to whether or not plaintiff received a commission from the purchaser; while here plaintiffs in their reply admitted that fact, but sought a verdict by pleading knowledge on the part of defendant that they were to have a commission from the purchaser. As they were required, in the face of their admission, to plead the fact of knowledge, the burden was upon them to prove it. *Lindt v. Brewing Co.*, 113 Iowa, 200; *Wilson v. Webster*, 88 Iowa, 514.

6. SAME: pleadings: burden of proof.

No error appears, and the judgment must be, and it is *Affirmed*.

PRESTON, J., taking no part.