EDWARD LOOTS, Appellee, v. JOHN KNOKE, Appellant.

No. 39807.

DECEMBER 13, 1929.

*D. M. Kellcher,* for appellant.

*Gray & Gray,* for appellee.

STEVENS, J.—I. Appellant was the owner of a farm of 160 acres in Minnesota, and Fred H. Meier of a tract of 140 acres in Calhoun County, Iowa. Each, desiring to sell, employed appellee as their agent for that purpose. On July 7th, as the result of the activities of the agent, a contract in writing was entered into by and between the respective owners, by the terms of which appellant agreed to convey the Minnesota land to Loots, appellee, and Meier agreed to convey the Iowa land to appellant for a consideration of $17,500, subject to a

mortgage of $12,000. On the same day, the check in controversy was executed and delivered by appellant, who, in due time, stopped payment thereof, and, on the 14th of July, the instrument was protested for nonpayment. The answer sets up a defense of fraud and concealment on the part of appellee. Appellee assumed to act as the agent of both parties, and, as such agent, he was bound to deal with them in the utmost good faith. To entitle him to recover a commission at all in such circumstances, he must have acted with the consent of both principals. *Stapp & Hendrick v. Godfrey,* 158 Iowa 376; *Githens v. Johnson,* 195 Iowa 646; *Havner v. Miller,* 191 Iowa 865.

The court overruled a motion by appellant, made at the close of all the testimony, for a directed verdict, the principal ground of which was that appellee's own testimony convicted him of such fraud and concealment as to conclusively negative his right to claim a commission of appellant. The evidence shows without dispute that both principals knew of, and consented to, the dual agency. The contract signed by appellant provided in terms for the conveyance of the Minnesota land to Loots. Appellant did not, however, read the contract before signing it, and gave as an excuse for his failure to do so that he was very ill, and relied upon the good faith of appellee and the scrivener to make the contract conform in all particulars to the oral understanding. The evidence showed that appellant was, in fact, very ill at the time. He later appears to have read, or otherwise become familiar with, the terms of the contract.

Notwithstanding the fact that a controversy arose between the parties hereto over another provision of the contract, the deal was consummated without its adjustment.

The evidence shows without dispute that appellee represented and stated to appellant that the price of the Meier farm was $200 per acre, and that Meier would pay no commission for the  sale thereof. Appellant's land was listed with appellee for sale at $45 per acre. At the outset, appellee advised appellant to put the Minnesota land in at about $72 per acre, thereby reducing the price of the Meier land to approximately $125 per acre. The balance over and above the mortgage was to be paid in money. It was agreed that appellant would pay appellee a commission of $2.00 per acre.

The real price at which appellee had the Meier farm listed was $125 per acre, and not $200, as he informed appellant. Instead of the nonpayment of a commission by Meier, appellee was to have all he could get over and above the price at which he had it listed for sale. The net result, therefore, of the transaction was that appellee obtained a deed to the Minnesota land, which was clear, and the check in controversy. The jury might well have found that appellee was guilty of gross fraud and concealment in this transaction with appellant. Appellee admitted, on cross-examination, that he did not make full disclosure of the facts to appellant of the terms on which the Meier land was listed with him, because he knew that, if he did so, the prospective deal could not be effected.

Up to this point, the testimony of appellee quite conclusively negatives any right to recover a commission of appellant in this case. He, however, further testified that, before the deal was fully and finally consummated, he made full and free disclosure of the facts to appellant, and that appellant replied that he "did not give a damn how much he got out of it." Appellant denied this alleged conversation. The effect thereof, however, was to present a question of fact for the jury, whose peculiar province it was to pass upon the credibility of the witnesses. If the jury accepted the testimony of appellee, as apparently was the case, a verdict in his favor naturally followed. A party who knows that he is being defrauded in a transaction and voluntarily submits thereto and consummates the same waives any right he might have had to plead such fraud as a defense in an action against him. Appellant had a right, if he saw fit to do so, with knowledge of the facts, to convey the Minnesota land to appellee as commission earned for services rendered to Meier. The motion for a directed verdict was, therefore, properly overruled.

II. Appellant requested three instructions, all of which, with slight modification in phraseology, were given. Appellant now urges that the instructions, as requested, correctly stated the law, and should have been given. The modification made by the court did not change the substance or effect of the requested instructions. The law of the case was correctly stated by the court

to the jury. We find no reversible error in the record, and the judgment is affirmed.—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.