57 So.2d 645

### JOHN THOMAS MOTORS, Inc. v. BURNS.

#### 7 Div. 162.

Court of Appeals of Alabama.
March 13, 1952.

Lusk, Swann & Burns, Gadsden, for appellant.

Roy D. McCord, Gadsden, for appellee.

CARR, Presiding Judge.

In the circuit court plaintiff's cause of action was submitted to the jury on the following count of the complaint:

"The plaintiff claims of the Defendant One hundred and no/100 dollars ($100.00) damages for the breach of an agreement entered into by it on, to-wit, the 22nd day of May, 1950, in substance as follows: For and in consideration of the payment by the Plaintiff of the sum of $24.63, the Defendant agreed and promised to repair and fix the drive shaft and connections to said drive shaft of plaintiff's automobile.

And the Plaintiff says that, although he has complied with all its provisions on his part, the Defendant has failed to comply with the following provisions thereof, viz;. Defendant failed to repair the said drive shaft and connections thereto on Plaintiff's said automobile, and Plaintiff avers that as a proximate consequence thereof the drive shaft of his said automobile came loose from the rear end of same and fell out. And Plaintiff avers that he was caused to pay large sums of money in getting his said automobile pulled into the Defendant's repair garage, and Plaintiff was caused to spend large sums of money in and about having said automobile repaired, and Plaintiff avers that he was deprived of the use of his said automobile for two days, and Plaintiff avers that he was so injured and damaged as a proximate consequence of the aforesaid breach of the aforesaid agreement by the said Defendant as aforesaid."

The trial resulted in a verdict and judgment in favor of the plaintiff.

The appellee purchased a second hand Ford automobile from the appellant in September 1949. At the time of the purchase the car had been driven approximately 11,000 miles.

Up to the time of instant concern the appellee drove the automobile on an average of about 5,000 miles each month incident to his duties as Constable of the County Court of Etowah County, Alabama.

The appellee had some trouble with a vibration in the mechanical operation of the car, and it appears that mechanics had some difficulty in locating the cause of this condition.

On May 23, 1950, the appellant did some repairs to the automobile in an effort to correct this trouble. In respect to the agreement to make these repairs we copy from appellee's testimony. We omit the objections of counsel and rulings of the court.

"Q. And at that time, Mr. Bell stated that that was what caused the vibration, was the universal joint, and he put a new one in? A. Yes, sir..

"The Court: What did you say was said between you and Mr. Bell about the vibration, at that time? Whatever Mr. Bell said. A. He was sure that the vibration was caused by the front universal.

"The Court: All right? A. And that it should be replaced.

"The Court: Front universal should be replaced? A. Yes, sir.

"The Court: All right, what did you tell him? A. I told him all right, if that was it.

"The Court: Did you do that? A. Sir?

"The Court: Did you tell him to do that? A. Yes, sir.

"Q. All right. Then after that—after that conversation and after you left your car with them for a while, you went back down there and got the car, and they submitted a copy of Plaintiff's Exhibit Four to you?

"Q. Did you pay that? A. Yes. I paid this with a check.

"Q. Now there's one other thing I wanted to ask you about—

"The Court: Just a minute. You say Mr. Bell said that the universal joint was what was causing the trouble, and you instructed him to fix it? A. Yes, sir.

"The Court: Then he handed you this bill, Plaintiff's Exhibit Four? A. When I went back, yes, sir. When I went after the car.

"The Court: What is the date of that? "Mr. Arthur Burns: May 23, 1950."

After the repairs were made the appellee resumed the use of his automobile in about the same manner and frequency as theretofore.

On July 10, 1950, the nut came off the pinion and caused serious damage to the rear running gears or parts in the differential. According to expert testimony this condition inevitably results when this nut comes off.

█ The evidence is undisputed that in making the repairs on May 23 there was no occasion to interfere in any manner with the security or placement of the pinion nut. The proof is clear to the conclusion that the breakdown in July could

444

have no reference whatsoever to the repairs that were made in May.

■ It is axiomatic that in a contract action only such matters may be taken into account or relied on by the parties for recovery or defense as are put in issue by the pleading and supported by the proof.

■ In the case at bar the plaintiff's recovery must be predicated upon the correspondence of the allegata and probata. Green v. Southern States Lumber Co., 163 Ala. 511, 50 So. 917; Lawrenceburg Roller Mills Co. v. Chas. A. Jones & Co., 204 Ala. 59, 85 So. 719.

We entertain the view that the defendant was due the general affirmative charge as requested.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.