ALONZO P. WOODRUFF *vs.* FREDERICK B. WENTWORTH.

Suffolk. March 2, 1881; March 9. — Sept. 7, 1882. ENDICOTT & DEVENS, JJ., absent.

A declaration alleged that the defendant agreed to pay the plaintiff a certain sum, in consideration that the plaintiff would assent to the election of a certain person as manager, in the defendant's place, of a corporation of which the plaintiff and defendant were both members. The evidence introduced at the trial showed that the consideration of the defendant's promise was that the plaintiff would vote for the person named as manager, and would also vote to increase the salaries of the officers of the corporation. *Held,* that there was a variance between the declaration and proof in regard to the consideration.

A contract between two stockholders in a corporation, by the terms of which one, in consideration of a sum of money paid to him by the other, agrees to vote for a certain person as manager of the corporation, and also to vote to increase the salaries of the officers of the corporation, including that of the manager, is void as against public policy, unless it is assented to by all the stockholders of the corporation; and whether it is valid if so assented to, *quœre.*

A declaration alleged that, in consideration that the plaintiff would do a certain act in relation to a corporation, of which the plaintiff and the defendant were both members, the defendant agreed to pay the plaintiff a sum named when certain bonuses were paid to the defendant by the corporation; that the plaintiff did the act, and the bonuses were paid to the defendant by the corporation; and that the defendant refused to pay the plaintiff the sum promised. The evidence introduced at the trial showed that the defendant assigned the bonuses to a person, to whom the corporation paid a portion of the amount due thereon; that the assignee sold the bonuses remaining for a sum less than the balance due; and that the purchaser was paid the full amount of such balance by the treasurer of the corporation, to whom, according to a previous agreement between them, the purchaser paid the difference between the total value of the bonuses and the whole amount paid to the assignee. The judge instructed the jury, that, if they found that the corporation actually paid the whole amount of the bonuses to any assignee of the defendant, this was such a payment of the bonuses to the defendant that the action could be maintained; but that, if they found that the corporation had not paid the bonuses in full, but had succeeded by any means in purchasing them for a sum less than was due upon them, then that would not be such a payment of them as would sustain the action. *Held,* that the defendant had no ground of exception.

CONTRACT. The declaration was as follows: "And the plaintiff says that the defendant, on or about the tenth day of October 1878, in consideration that the plaintiff would assent to the election of William H. Pray as manager of the American Carpet Lining Company, in the defendant's place, upon the sale by the defendant of his stock in said American Carpet Lining Company, a corporation duly established under the laws of this Commonwealth, whereof the plaintiff and the defendant were

members, promised and agreed with the plaintiff to pay him the sum of $500 when certain bonuses were paid to the defendant by said company; and that thereupon the plaintiff gave his assent to said election, and said stock was sold, and said Pray was elected, and said bonuses were paid said defendant by said company and before the beginning of this suit; but that the defendant refused, and still refuses, to pay the plaintiff said $500, or any part thereof, though often thereto requested." The answer contained a general denial; alleged that the agreement declared on, if proved, was void as against public policy; and set up want of consideration. Trial in the Superior Court, before *Allen, J.,* who allowed a bill of exceptions, in substance as follows:

The plaintiff introduced evidence tending to show that, before and at the time of making the alleged agreement, the plaintiff and the defendant were stockholders in, and officers of, the American Carpet Lining Company, a corporation established under the laws of this Commonwealth, the plaintiff being clerk and the defendant manager. All the other stockholders of the corporation at that time were E. H. Bailey, who was the treasurer, and George W. Chipman, who was the president. The plaintiff and Bailey each held a sufficient number of shares to be able separately, under the by-laws of the corporation, to prevent the election of any officer thereof. A short time before the alleged promise was made by the defendant, he had agreed with one Pray to sell to Pray the chief part of his interest in the company, and one of the terms of the sale was that the defendant should resign as manager, and Pray should be elected manager in his place, with a salary of $3000. The defendant had considerable experience in the business carried on by the company, but Pray was comparatively inexperienced. The plaintiff believed his interests would suffer by the substitution of an inexperienced for an experienced manager, and refused to assent to the change unless he should receive some compensation therefor.

The plaintiff authorized Bailey, the treasurer of the company, to make a satisfactory arrangement with the defendant. Bailey was unwilling to assent to the resignation of the defendant as manager and the election of Pray in his place, unless the salaries of the officers of the company were increased. The salary of the manager was then $2500. Bailey made an arrangement

with the defendant, and the plaintiff, in consequence thereof, voted for the election of Pray as manager. Bailey and Chipman, the other members of the corporation, knew at the time that the plaintiff voted for the election of Pray as manager in consequence of promises made to him by the defendant, and assented thereto. The alleged promise was not made by the defendant to the plaintiff personally, but was made to Bailey, the plaintiff's agent. Bailey testified for the plaintiff, among other things, that the defendant agreed to pay the plaintiff $500 if the plaintiff would vote for the election of Pray as manager in the place of the defendant, said payment to be made so soon as the company should pay the defendant certain bonuses, amounting to the sum of $10,000, which they had agreed to pay him; and that the plaintiff did so vote in consequence of this promise. Upon cross-examination, Bailey testified that a further consideration for the promise alleged to have been made by the defendant was, that the plaintiff should vote for the increase of the salaries of the president, treasurer, clerk and manager of the corporation; and that the plaintiff did vote for such increase of salaries, and the salaries were actually raised by said vote. Upon cross-examination, the defendant admitted that the bonuses sold to Pray had been settled for by the latter.

Bailey also testified, that the time when the bonuses owing to the defendant from the corporation were to be paid was largely dependent upon his discretion as treasurer; that the defendant assigned said bonuses to Pray; that the company paid Pray $4000 upon them in January 1879; that afterwards Pray asked him to procure a purchaser for the $6000 worth of bonuses remaining unpaid; that he, Bailey, procured his father to purchase the unpaid bonuses for $5000; that it was understood between him and his father that he should receive $1000 when the company paid the $6000 due upon the bonuses; that thereafter he, as treasurer of the company, did, on or before August 8, 1879, pay to his father the full amount due upon the bonuses, and received from the money so paid $1000 for his own use.

Pray was called as a witness by the defendant, and testified that he bought the bonuses of the defendant before the day the alleged promise was made, but that the written assignment of them was not made until about a month after the day of the

alleged promise; that he received $4000 upon them from the company in January 1879; that he afterwards frequently requested Bailey to pay the remaining $6000, but could get no definite answer from him; that, in June or July 1879, he asked Bailey to procure for him a purchaser of the bonuses; and that afterwards, at Bailey's request, he transferred the bonuses to Bailey's father, and received, in payment for the transfer, $5000.

The defendant requested the judge to rule that the plaintiff had not alleged or proved any legal consideration for the alleged promise of the defendant to pay $500, and could not recover in this action. The judge refused so to rule, and instructed the jury that, if all the members of the corporation knew and assented thereto at the time of Pray's election, and the plaintiff had, in consideration of the defendant's promise, agreed to vote for the election of Pray, the promise by the plaintiff so to vote was a good and valid consideration to support the alleged promise of the defendant.

The defendant also asked the judge to instruct the jury as follows: "If the jury find that the bonuses were transferred by Pray to the father of Bailey, the treasurer of the American Carpet Lining Company, for $1000 less than the amount then due upon them from said corporation, and that there was an understanding between Bailey and his father that Bailey should have the amount paid by the corporation over and above the amount paid for the bonuses by the father, and that thereafter Bailey, as treasurer, paid the full amount due upon said bonuses, and received for his own use $1000 of the money thus paid, this was not a payment of the bonuses to the defendant, such as will permit the plaintiff to recover under the declaration."

The judge declined to give the instruction requested; but instructed the jury that, if they found that the company actually paid the whole amount of the bonuses to any assignee of the defendant, this was such a payment of the bonuses to the defendant that this action, so far as it depended upon this part of the case, could be maintained; but that if they found that the company had not paid the bonuses in full, but had succeeded by any means in purchasing them for a less sum than was due upon them, then that would not be such a payment of them as would sustain this action.

Upon the request of the plaintiff, the judge further instructed the jury, "that if any consideration other than the one declared upon is shown to have been actually paid or received, this is not a variance which prevents the plaintiff's recovery, but the action may still be maintained."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

The case was argued at the bar in March 1881, by *S. A. B. Abbott,* for the defendant, and by *J. Willard,* for the plaintiff; and was reargued in March 1882, by *J. G. Abbott & S. A. B. Abbott,* for the defendant, and by *Willard,* for the plaintiff.

FIELD, J. The instruction to the jury, "that if any consideration other than the one declared upon is shown to have been actually paid or received, this is not a variance which prevents the plaintiff's recovery, but the action may still be maintained," was erroneous. The consideration must be proved as alleged. *Stone* v. *White,* 8 Gray, 589.

The declaration alleged that the defendant's promise was "in consideration that the plaintiff would assent to the election of William H. Pray as manager of the American Carpet Lining Company, in the defendant's place," &c. There was evidence that the consideration of the defendant's promise was that the plaintiff would vote for the election of Pray as the manager, and also would vote to increase the salaries of the president, treasurer, clerk and manager. If this was the contract between the parties, the defendant would not be liable unless the plaintiff proved that he had done both these things. The declaration does not describe any such contract, and it does not correctly allege either the whole consideration proved or any part of it.

The necessity of proving the consideration of the promise of the defendant, as laid in the declaration, must be distinguished from the necessity of alleging everything that is promised by the defendant. *Brackett* v. *Evans,* 1 Cush. 79. Neither can an amendment to the declaration after verdict be permitted in this case, as was done in *Cleaves* v. *Lord,* 3 Gray, 66, in *Stone* v. *White, ubi supra,* and in many other cases.

The agreement of the plaintiff, as stockholder in a private business corporation, to vote for Pray as manager, and to vote to increase the salaries of the officers, including that of the

manager, was void as against public policy, unless it was consented to by all the stockholders of the corporation. *Guernsey* v. *Cook*, 120 Mass. 501.

Whether it was not void as against public policy, even if all the stockholders consented to it, is a question of great difficulty; and even if the consent of all the stockholders to the making of it would render it valid, whether their assent to the plaintiff's voting, after they had knowledge that he had made it, would render it valid, although it was not made for them or in their interest, and was made without their knowledge, would require careful consideration. As it is not absolutely necessary to decide these questions in order to dispose of these exceptions, and as the exact facts in regard to the assent of the other stockholders to the plaintiff's voting for Pray as manager, pursuant to his agreement, do not appear in the exceptions, we express no opinion upon them.

It does not appear that the agreement of the plaintiff to vote to increase the salaries was made with the consent of the other stockholders, or was known to them, and no instructions appear to have been given to the jury upon this part of the consideration; and, under the instructions of the court, that the action could be maintained upon any other consideration than the one declared on, the jury may have found their verdict for the plaintiff solely on the ground of the executed agreement of the plaintiff to vote to increase the salaries as a consideration of the promise of the defendant. Besides, if this agreement was a part of the consideration of the defendant's promise, and was void as against public policy, it taints the whole contract. The promise of the defendant was single and indivisible, and the illegal part of the contract cannot be separated from the rest. *Perkins* v. *Cummings*, 2 Gray, 258.

We do not understand what the "bonuses" are which are mentioned in the exceptions, but it has been assumed by both parties at the argument that they were something valuable, which could lawfully be sold and assigned. The instruction of the court, upon what constituted a payment of the bonuses by the company, was sufficiently favorable to the defendant.

*Exceptions sustained.*