J. H. BRADEN, Appellee, v. LU. W. RANDLES, Appellant.

**Commission contract:** DIVISIBILITY: FRAUD.    A commission contract for the sale of land, which originally provided that the broker should have all the property sold for over a stated amount, and by a later agreement he was to receive a stated sum in addition thereto, such contract became an entirety and any fraud of the agent in procuring the agreement for additional compensation vitiated the entire contract.

*Appeal from Monroe District Court.*— HON. C. W. VERMILLION, Judge.

MONDAY, OCTOBER 23, 1905.

ACTION at law to recover commissions for services rendered in procuring a purchaser for defendant's real estate. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Reversed.*

*Mitchell, Tomlinson & Price,* for appellant.

*D. W. Bates* and *John T. Clarkson,* for appellee.

DEEMER, J.— Defendant was the owner of a house and lot in the city of Albia. Plaintiff is a real estate broker in ·said city, and as such was employed by defendant to find a ·purchaser for and to sell the said property. The original agreement was that plaintiff was to have as and for his commission all over the sum of $2,000 that he could obtain for the property. Thereafter it was agreed, and indorsed upon the original contract, which was in writing, that plaintiff should have " the further sum of $20 as compensation for his services." On the day that this addition to the contract ·was made plaintiff entered into a contract with one Barger for the sale of the house and lot. Defendant claims that she repudiated this contract for ·various reasons; and that she .thereafter sold the property to Barger on her own motion for the sum of $2,000. This action is to recover the commission called for in the contract as modified by the parties on the theory that plaintiff found a purchaser as agreed, or .that in any event he found the purchaser to whom the defendant sold the land. The petition is in one count, and it .asks judgment for the sum of $120, it being charged that plaintiff sold the land to Barger for the sum of $2,100. Defendant denied that plaintiff found a purchaser for the property according to the terms specified in his contract. She also alleged fraud in procuring her signature to that part of her contract with plaintiff providing for the extra compensation of $20, and fraud and concealment on the part of plaintiff in making the sale to Barger. She claims that on account of these matters she repudiated the contract made ·by plaintiff with Barger; and thereafter made a new and independent one with him, with which plaintiff had no connection.

, The plea of fraud is based upon the following state of facts, which the evidence tended to establish. By the terms ·of the original contract with plaintiff he was to have as compensation for his services all that he could obtain in excess ·of $2,000. The property was to be sold on or before March

1, 1904, and the purchase price was to be paid in cash or its equivalent. Before the agreement to allow $20 as further compensation was entered into, plaintiff had found the purchaser (Barger), who was willing to pay $2,100 for the property; but this fact he (plaintiff) concealed from defendant, and, instead of disclosing the offer, he represented and stated to defendant that Barger would not pay more than $2,000 for the house and lot, and that if he closed the deal with him he should have some compensation, and that, if she (defendant) would pay him the sum of $20, he would go ahead and close the deal. Relying on these statements, defendant entered into the agreement for further compensation, and made the addition to the contract already noted. By the terms of the contract made between plaintiff and Barger, he (Barger) was to pay but $1,100 in cash, and the balance was to be represented by a note due in two years, secured by first mortgage upon the property; Barger having the option to make " any number of $100 payments at the end of the first year." He was also to have the option of paying the $1,000 in cash if he so desired. This may be said to be no material departure from the terms of his (plaintiff's) authority. But by the terms of plaintiff's agreement with Barger defendant was to assign all unexpired fire insurance to Barger, and was to give possession on or before May 1, 1904. This was not authorized by defendant. The agreement was to be consummated by the execution of deeds, mortgages, etc., on or before March 1, 1904. When defendant learned of the terms of this agreement she repudiated it, and refused to be bound thereby, although the evidence shows that some time thereafter, and after the 1st day of March, 1904, defendant sold the property to Barger for the sum of $2,000 in cash. Plaintiff denied the alleged fraud, and pleaded ratification by defendant of his contract with Barger. The case was submitted to a jury on these issues, which returned a verdict for plaintiff in the sum of $100. For a reversal of the judgment entered thereon, de-

fendant argues several propositions of law and fact, and to such as are material and controlling we shall now give attention.

-First, it is insisted that under the evidence plaintiff is not entitled to recover, for the reason that he did not find a purchaser ready, willing, and able to take the property at the price and on the terms stated in the contract of agency. Next, it is contended that plaintiff was guilty of such fraud, concealment, and bad faith toward his principal as to forfeit all right to compensation. The trial court submitted the case on the theory that the contract between plaintiff and Barger was not in accord with the terms of contract between plaintiff and defendant, and that before plaintiff could recover he must show that defendant ratified the contract of sale, or that after full knowledge of its terms and conditions defendant failed to repudiate it seasonably, but accepted and retained for more than a reasonable time the benefits or some of them growing out of the transaction. This theory is admittedly correct in so far as it embodies an abstract proposition of law, but concretely is said to be erroneous, for the reason that there is no evidence in the case to support it. On account of the final disposition made of the case we shall not determine this question.

II. On the fraud issue the court instructed, in effect, that the contract was a divisible one, and that plaintiff's fraud, even if established as alleged, would only deprive him of the right to recover the additional compensation of $20. This, as we think, was clearly erroneous. Plaintiff sued upon the contract as an entire and indivisible one, and that it was such is too clear for argument. Plaintiff was to do but a single act, to wit, sell the defendant's property for the price and upon the terms named in his contract of appointment. For this he was to receive $20 and all over the sum of $2,000 that he could get therefor. The fact that the agreement to pay the $20 was entered into after the original contract was made is of no significance. For all practical

purposes the contract should be treated as having been entered into in the form in which it now appears, and as of the date of the last addition thereto. The making of this last agreement and the indorsement thereof on the contract was the equivalent in law to the execution of a new agreement at that time, the consideration of which was the mutual agreements of the parties; that is to say, plaintiff was to sell the property on the terms specified, and was to receive as his compensation the sum of $20 and whatever amount he was able to get in excess of $2,000. The contract was not divisible. It is founded upon a consideration dependent upon the entire performance of one act, to-wit, the sale of defendant's property, and the law will not separate that which in its nature is inseparable. *Wooten v. Walters,* 110 N. C. 251, 14 S. E. Rep. 734, 736; *State v. Jones,* 21 Nev. 510, 34 Pac. Rep. 450.

Moreover, all parties treated the contract as an entire one, and plaintiff is suing upon it as such. If, then, the jury found that it was obtained by fraud, plaintiff was not entitled to recover any compensation thereunder. An agent owes his principal the utmost good faith, and if he fraudulently and falsely misrepresents the situation, for the purpose of increasing his compensation and securing a more advantageous contract for himself, he cannot recover anything thereon. *Dorr v. Camden* (W. Va.), 46 S. E. Rep. 1014, 65 L. R. A. 348; *Pratt v. Patterson,* 112 Pa. 475, 3 Atl. Rep. 858; *Young v. Hughes,* 32 N. J. Eq. 372. Indeed, it is quite generally held that a separation of the good consideration from that which is illegal will be attempted only in those cases where the party seeking to enforce the contract is not the wrong-doer, or where denial of the relief asked would benefit the guilty party at the expense of the innocent. *Saratoga Bank v. King,* 44 N. Y. 87; *Woodruff v. Wentworth,* 133 Mass. 309; *Perkins v. Cummings,* 2 Gray, 258. The maxim, " *Ex solo malo non oritur actio,"* applies to such cases as this. *Fearnley v. Mainville* (Colo.),

39 Pac. Rep. 73.    As the contract was entire and indivisible, plaintiff's fraud, if established, will defeat his claim to any compensation, and the jury should have been so instructed.

Appellee's motion to strike appellant's reply is overruled.    This reply is responsive to appellee's argument and introduces nothing affirmatively new.

For the error pointed out, the judgment must be, and it is, *reversed.*