PRESTON, C. J., EVANS and ARTHUR, JJ., concur.

---

I. M. PRESTON, Appellee, v. F. McCLELLAND, Appellant.

BROKERS: Compensation—Forfeiture. A broker employed to find a purchaser forfeits all right to compensation by reporting to his principal terms of sale which he knows are less favorable to his principal than the purchaser is willing to pay.

*Appeal from Linn District Court.*—F. L. ANDERSON, Judge.

MAY 15, 1923.

PLAINTIFF sued to recover $805, alleged to be due him as commission in the sale of real estate. Trial to a jury. Verdict and judgment for plaintiff for that amount. Defendant appeals.—*Reversed.*

*Stewart, Penningroth & Holmes,* for appellant.

*C. J. Haas* and *E. C. Preston,* for appellee.

PRESTON, C. J.—1.  The defendant listed his property with different agents, and claimed that the listing with plaintiff was not exclusive, and that he had a right to sell the property which he did to or through other realtors.  The deed was made directly to E. R. Moore, who is the party whom plaintiff claims to have produced as a purchaser of the property.  This fact, however, was not known or communicated to the defendant by plaintiff or anyone else until after the conveyance to Moore. The terms of the sale by defendant to Moore were not the same as the terms which plaintiff claims to have given Moore.  Thus far, we take it from the record, there is no dispute between counsel.  There are some other matters referred to later, about which there is no dispute in the testimony.

The issues, substantially as stated by the parties in their briefs, are, on behalf of plaintiff, that he was a broker, engaged in selling real estate for commissions, and that, in the summer of 1920, defendant verbally employed him to find a purchaser at a price and on terms satisfactory to the defendant.  He agreed to pay the customary commission, which would amount to $805. About June, 1921, plaintiff found and procured a purchaser in the person of E. R. Moore, who was ready, able, and willing to pay $22,000 for the property,—$12,000 cash, on delivery of the deed and abstract, and $10,000 in 5 years, at 6 per cent, secured by mortgage.  It is alleged that plaintiff reported said offer to defendant, who verbally accepted the same, and promised to make conveyance and pay the commission; and that plaintiff reported the acceptance to Moore, who was at all times ready, able, and willing to buy on said terms; that defendant afterwards sold, or caused the premises to be conveyed, to said E. R. Moore. Wherefore, plaintiff claims that his commission is due.  Defendant admits the employment, and that plaintiff reported a prospective buyer on the terms alleged in the petition, but alleges that defendant and his mother and sister were co-owners of the real estate, and that, when plaintiff submitted the offer, he did not disclose the identity of the prospective purchaser, and was told that the offer would be submitted to the co-owners,

which offer was rejected by them; that thereafter, defendant received an offer of $22,000 cash from M. V. Bolton, which offer was accepted; and that a deed was thereafter, at the instance of Bolton, executed to Moore.

As stated by the defendant, the issues were that plaintiff alleged the commission to be due; that plaintiff had submitted an offer less than the list price, from an unnamed and undisclosed purchaser, which offer was refused, and that defendant himself had sold the property at list price; that, at the request of the buyer, defendant conveyed directly to Moore, without notice or knowledge that Moore was plaintiff's prospective buyer; that plaintiff at no time so notified defendant; that plaintiff had not procured and produced to defendant a buyer ready, able, and willing to buy the premises at the designated price.

It is said by appellant that, in addition to the issues thus made by the pleadings, the court permitted plaintiff, over objection, to introduce in evidence further issues: First, that defendant had waived production by plaintiff of his alleged purchaser; and second, that defendant acquiesced in plaintiff's withholding the name and identity of his alleged purchaser, and that defendant had consented to the nonproduction by plaintiff of his alleged purchaser; and that, in response to such new issues, defendant, by motion to direct verdict, by offered instructions, by objections to evidence, and so on, raised the further propositions, (1) that plaintiff had reported an offer other than the list price; (2) that the listing was not exclusive, and that defendant had a right to sell to one not known to have been produced by plaintiff; (3) that plaintiff had refused to disclose the identity of his purchaser, and that defendant had no knowledge that Moore was plaintiff's prospective buyer; (4) that plaintiff did not procure a purchaser ready, able, and willing to buy at the price and terms fixed, and did not produce such purchaser to defendant, and did not afford defendant an opportunity to enter into a binding contract with said prospective purchaser, whereby defendant might have an enforcible contract for the sale; and (5) that the plaintiff was guilty of breach of faith and fidelity, barring and precluding all right to commission, in that, while plaintiff was seeking agency from

the defendant, he was secretly acting for Moore, and serving Moore's interests, and willfully and intentionally did not communicate to the defendant the best offer that Moore had authorized the plaintiff to make, and did not disclose Moore's identity,—and this at Moore's request and by Moore's direction. Amplifying somewhat the fifth proposition just stated, defendant says, and properly presented the proposition thus: Plaintiff is not entitled to recover, for the reason that, while plaintiff assumed to act as agent for defendant for a commission, and to give defendant the best effort and skill to advance defendant's interests, the plaintiff was, secretly and in breach of faith and fidelity to defendant, acting as agent for Moore, whose interests were antagonistic to the interests of defendant; and that plaintiff did not, at the direction and request of Moore, disclose to defendant, as he was in duty bound to do, that it was Moore, the owner of the adjoining property, who was his prospective buyer, and did not disclose to the defendant, as he was in duty bound to do, that Moore would pay all cash for the property, if necessary, to procure it, and did not exercise all his knowledge and skill to the advantage of defendant, as his employer and principal, and was thereby false to his trust, and in law entitled to no reward. There is no dispute in the evidence in regard to this proposition. Indeed, plaintiff himself testifies thereto, and defendant claims that plaintiff's testimony was the first knowledge he had in regard to the matter.

Some of the matters before referred to are not specifically pleaded by either party. It is defendant's contention that, because of the matters so brought into the case by the plaintiff, he had a right to meet them, and that plaintiff did not sustain by the evidence the case he had made on paper in his petition.

We think that the appellant's proposition as to the want of good faith on the part of the plaintiff as defendant's agent is well taken. Numerous propositions are argued, and many cases cited; but, as we view it, this question is decisive of the case. We find that this question is established without dispute in the record. This being so, it is unnecessary to refer to the evidence at any length.

It appears that the property in question was owned by the defendant and his mother and sister. This was known to the

plaintiff. The sister was, at the time, somewhere on the west coast. There is considerable evidence as to correspondence and the attempt to find her, and it seems that, after she was reached, in a month or two, her understanding of the agreement which plaintiff claims to have had, was that the purchase price was to be all cash. .The plaintiff contends that this defendant accepted the offer unconditionally, when it was first submitted to him by the plaintiff. This is denied by the defendant, who claims that he had no authority to sell until he should hear from his sister and secure her consent.

Plaintiff testifies that, early in June, 1921, he got a proposition from Moore to pay $12,000 down and $10,000 in 5 years, at 6 per cent; but that Moore said that, if it came right down to it, he would be in a position to pay it all in cash,—that he would pay all cash; that Moore asked him to submit the offer to the doctor, appellant, and that he, plaintiff, went over to the doctor's office, and submitted the proposition, part cash and part time.

"The doctor asked me who the purchaser was, and I declined to tell him, on the advice of Mr. Moore. Mr. Moore asked me not to reveal his identity in the case at that time, and I never did reveal to Dr. McClelland the identity of Mr. Moore. Q. Now, when Mr. Moore sent you over to Dr. McClelland's office, you knew he would pay $22,000 cash for it, didn't you? A. Yes, if— Q. He told you that, didn't he? A. Yes, but he preferred the other. Q. Why didn't you tell Dr. McClelland that? A. I was acting in the interest of my client. Q. Of Mr. Moore? A. Yes. Q. And while you were acting in the interest of your client, Mr. Moore, you are asking Dr. McClelland for a commission for the sale of that property to your client, in whose interest you were acting? A. Well, yes."

Mr. Moore, testifying to this conversation, says that he finally stated to plaintiff that he would give $12,000 cash and a mortgage back for $10,000, stating further that:

"While I preferred to pay it that way, that I would pay all cash, if necessary. I suggested it might be well to keep my name out of the matter. I said I had tried several times before to buy that property; and that various men holding themselves out as real estate agents had evidently increased the price, as

between me and McClelland, and that Mr. McClelland might consider this was not a bona-fide deal, if he knew I was figuring on it again; and that it would be just as well for him to keep my name out of it, until he was able to do business.''

There is other evidence on this point. Defendant testifies that, a year or more before this time, he had conversations with plaintiff in regard to selling the property; that, in 1921, plaintiff asked if it was still for sale, and that he told plaintiff it was; that the original price was $25,000; that plaintiff brought the proposition in June, part cash and part time; *that he wanted the cash;* that the matter ran along several weeks, when, on July 8, 1921, he entered into a written contract or option to Bolton to sell it to Bolton & Company, or their assigns, for $22,000 cash, agreeing to pay Bolton the commission in the same amount as claimed by plaintiff. The deed was made out by Bolton, and Bolton paid defendant $22,000, less the commission. Defendant testifies that the deed was made out by Bolton, and that, when it was brought for their signature, he noticed that Moore was named as grantee; that this was the first time he had any knowledge or information that Moore was interested in the trade; that the deed was made in furtherance of and in fulfillment of the option; but that he did not want to do it that way. The last part of the answer was stricken, on motion of plaintiff. This deed was executed on August 2, 1921, and acknowledged by all three owners on August 8th, and recorded on August 13th.

The trial court instructed the jury that it was the duty of plaintiff to disclose to the defendant the name of his customer, unless the jury should find that defendant unqualifiedly and unconditionally accepted the offer, and consented to the plaintiff's withholding the name of the purchaser, etc. No mention is made in the instruction of the failure of plaintiff to inform defendant of the more advantageous cash offer. There is no pretense that the plaintiff communicated this matter to the defendant, or that defendant had any knowledge of it until plaintiff so testified on the trial. We think there was a breach of faith on the part of plaintiff towards his principal, the defendant, and that, under the record as now presented, he is not entitled to recover. He may not serve two principals without

the intelligent consent of both, and if he undertakes to do so, he may not recover. Plaintiff owed the defendant the utmost good faith. *Lindt v. Schlitz Brew. Co.*, 113 Iowa 200; *Fryer v. Harker*, 142 Iowa 708 (23 L. R. A. [N. S.] 477); *Wilson v. Webster*, 88 Iowa 514; *Vennum v. Gregory*, 21 Iowa 326; *Braden v. Randles*, 128 Iowa 653; *Steele v. Crabtree*, 130 Iowa 313; *Morey v. Laird*, 108 Iowa 670; *Haswell v. Standring*, 152 Iowa 291; *Hewitt & Hosier v. Lichty Mfg. Co.*, 147 Iowa 270.; *Bracken v. Jackson*, 159 Iowa 424, 434; *Leonard v. Olmstead*, 141 Iowa 485; 21 Ruling Case Law 828. The cases might be multiplied. These are sufficient.

2. The defendant pleaded that plaintiff had not produced to defendant a customer, nor afforded defendant an opportunity to secure a binding contract of sale with the customer furnished by plaintiff. Defendant cites *Johnson Bros. v. Wright*, 124 Iowa 61, *Beamer v. Stuber*, 164 Iowa 309, 312, and *Sanden & Huso v. Ausenhus*, 185 Iowa 389, 392, to the proposition that a real estate agent, in order to earn his commission, must produce his customer to the landowner, and afford the landowner an opportunity to enter into a binding contract with him; that production of the customer and opportunity to contract are essentials to be performed by the agent.

But in view of what we have said in the first paragraph of this opinion, we deem it unnecessary to discuss or decide this and other propositions argued. The judgment is reversed and the cause remanded.—*Reversed and remanded.*

EVANS, ARTHUR, and FAVILLE, JJ., concur.